## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA – PITTSBURGH DIVISION

NICHOLAS SEQUINO;

        Plaintiff,

  vs.

RICHLAND SCHOOL DISTRICT;          Civil Action No.: 23-cv-145-SLH
RICHLAND TOWNSHIP; RICHLAND
SCHOOL DISTRICT SCHOOL BOARD,
RICHLAND FIRE DEPARTMENT,
PENNSYLVANIA HIGHLANDS
COMMUNITY COLLEGE; and, LTM
PAVING, CO.,

       Defendants

### PLAINTIFF'S AMENDED COMPLAINT

AND NOW, comes the Plaintiff, Nicholas Sequino, by and through their undersigned counsel, Jason E. Luckasevic, Esquire; and the law firm of Goldberg, Persky & White, P.C.; and Mitchell R. Schrage, Esquire and Joshua A. Siegel, Esquire; and the law firm of Kasowitz Benson Torres LLC, and files the following Amended Complaint in Civil Action, averring as follows:

### PARTIES

1.    Plaintiff Nicholas Sequino is an adult individual residing at 58 Maple Hill Road, Huntington, New York.

2.    Defendant Richland School District has its principal place of business located at 1 Academic Avenue, Suite 200, Johnstown, Cambria County, Pennsylvania 15904.

3.    At all times relevant hereto, Defendant Richland School District owned, operated, maintained, controlled, and was responsible for the roadway located on the corner of Academic Avenue and Theatre Drive in the County of Cambria where the accident in question occurred.

4.    Defendant Richland Township maintains its offices at 322 Schoolhouse Road, Suite 110, Johnstown, Cambria County, Pennsylvania 15904.

5.    At all times relevant hereto, Defendant Richland Township was responsible for the oversight, maintenance, management and safety of the roadway located on the corner of Academic Avenue and Theatre Drive in the County of Cambria where the accident in question occurred.

6.    Defendant Richland School Board has its principal place of business located at 1 Academic Avenue, Suite 200, Johnstown, Cambria County, Pennsylvania 15904.

7.    At all times relevant hereto, Defendant Richland School Board was responsible for the oversight of the school district, including the oversight, authorization, and direction of construction projects for the Richland School District, including the repaving project at the location of the accident in question, which occurred shortly before the incident in question and caused the dangerous condition by which Plaintiff was injured.

8.    Defendant Richland Fire Department has its principal place of business located at 1321 Scalp Avenue, Johnstown, Cambria County, Pennsylvania 15904.

9.    At all times relevant hereto, Defendant Richland Fire Department owned and provided the barriers that caused Plaintiff's accident and injuries, and was responsible for the maintenance, location, storing, monitoring, and oversight of its property, which includes the barriers at issue and the roadway in which these barriers were being used.

10.    Defendant Richland Fire Department placed the barriers in the roadway where the Plaintiff was injured, and failed to remove the barriers from the roadway when required by law and common sense, thus creating a dangerous condition on the roadway for the public and the Plaintiff in particular.

11.    Defendant Pennsylvania Highlands Community College has its principal place of business located at 101 Community College Way, Johnstown, Cambria County, Pennsylvania 15904.

12.    The Pennsylvania Highlands Community College maintained an easement on the roadway where Plaintiff was injured.

13.    The easement necessitated that the Pennsylvania Highlands Community College monitor and manage the condition of the roadway where Plaintiff's accident occurred.

14.    The Pennsylvania Highlands Community College operated, controlled and/or maintained the area where the barriers in the roadway were located when the Plaintiff was injured, and did place the barriers in the roadway, and failed to remove the barriers from the roadway when required by law and common sense, thus creating a dangerous condition on the roadway for the public and the Plaintiff in particular.

15.    Defendant LTM Paving, Inc. is a corporation with its principal place of business at 712 Maple Springs Road, Hollsopple, Somerset County, Pennsylvania 15935.

16.    Defendant LTM Paving, Inc. was hired to perform paving services to the roadway at the location where Plaintiff was injured.

17.    At all times relevant hereto, Defendant LTM Paving, Inc. was responsible for the safety and maintenance of the roadway where paving was being done, and did place the barriers in the roadway and/or allowed the barriers to remain in the roadway where the Plaintiff was injured, and failed to remove the barriers from the roadway when required by law and common sense, thus creating a dangerous condition on the roadway for the public and the Plaintiff in particular following the completion of its paving project for the Richland School District.

## VENUE AND IMMUNITY EXCEPTION

18.    Venue lies within this judicial district, since all of the actions complained of herein occurred within Cambria County.

19.    As governmental entities, the Defendants may be immune from negligence lawsuits, however, the actions and/or inactions of the Defendants as described herein fall within the exception to the immunity found at 42 Pa.C.S. § 8542(b)(3) and (6).

## FACTS

20.    On or about October 5, 2022 at approximately 2:56 p.m., Nicholas Sequino was lawfully and safely riding his bicycle on Academic Ave., Johnstown, Pennsylvania, which is adjacent to and/or in front of Richland High School.

21.    While operating his bicycle within the proper lane of traffic on the road and wearing a helmet, and without warning, Mr. Sequino was caused to collide with a plastic barricade located in the roadway.

22.    The letters "RTFD" were visibly displayed on the barricade signifying that this barricade belonged to the Defendant Richland Township Fire Department.

23.    The impact from hitting the barricade caused Mr. Sequino to flip over the front of his bicycle and strike his head violently against the concrete roadway.

24.    A passerby spotted Mr. Sequino in the roadway and emergency crews were notified of the accident, and Mr. Sequino was provided with emergency medical attention.

25.    Mr. Sequino suffered severe head injuries and other injuries as a result of the accident, which have, and continue, to cause him permanent and life-limiting injuries.

26.   It was the Defendants that were negligent in their ownership, maintenance and monitoring of the roadway, which caused the barricade to remain in the roadway and created a hazardous condition for individuals using the roadway such as Mr. Sequino.

27.   Defendant Richland Township Fire Department is the owner of the barricade and failed to properly remove the barricade from the roadway, provided the barricades for use to the other Defendants, and ultimately failed to secure the barricades so that individuals using the roadway, like Mr. Sequino, were not injured while on the property belonging to the Defendant Richland Township Fire Department.

28.   Defendant Richland School District is responsible for the control, management, monitoring and maintenance of the roadway where Plaintiff was injured, and failed to monitor, repair, warn, or prevent this dangerous condition from existing on this roadway. The failure of the Defendant Richland School District to maintain a safe roadway caused Plaintiff's accident and injuries.

29.   Defendant Richland School Board is responsible for the oversight of the Richland School District and authorized the paving project which required the use of the barricades at issue in this matter. The Defendant Richland School Board's failure to control, maintain, manage and monitor the roadway during and after the paving project, failed to remove or allowed the barriers to remain in the roadway thereby causing the hazardous and dangerous condition in the roadway which caused Plaintiff's accident and was a contributing factor to the accident sustained by Plaintiff and his resulting injuries.

30.   Defendant Pennsylvania Highlands Community College failed to monitor and manage to the roadway, which failure caused the barriers to remain in the roadway, thus creating a dangerous condition which Pennsylvania Highlands Community College was aware of and failed

to rectify.

31.    Defendant LTM Paving, Inc. was hired by the Defendant Richland School District, by the action of the Richland School Board to repair the roadway where Plaintiff was injured.

32.    Defendant LTM Paving, Inc. placed the barriers in the roadway, and failed to remove this dangerous and hazardous condition upon completion of the project. Accordingly, the failure of the Defendant to cure this defective condition in the roadway caused Plaintiff's accident and resulting injuries.

33.    Defendant Richland Township is also responsible for the management and monitoring of the roadway where the incident complained of occurred.

34.    Defendant Richland Township's failure to monitor, manage and maintain the roadway and failure to remove from the roadway the dangerous condition thereon was a contributing factor to the accident and injuries sustained by Plaintiff on October 5, 2022.

35.    Prior to Plaintiff's accident, all Defendants had actual and/or constructive notice of the dangerous and defective condition existing on and in the roadway where Plaintiff was injured, and the Defendants failed to maintain, manage, monitor secure, warn the public or remove the dangerous condition which would have prevented this accident from happening.

36.    The Defendants' repeated and sustained failure to remedy this known dangerous condition on and in the roadway where Plaintiff was injured constitutes negligence for which Plaintiff is entitled to compensation for the injuries sustained as a result of the October 5, 2022 incident.

## COUNT I

### Plaintiff v. All Defendants - Negligence

37.    All of the paragraphs above are incorporated herein by reference.

38.    The negligent acts, omissions and failures outlined above fall within the exception to the immunity found at 42 Pa.C.S. § 8542(b)(3) and (6).

39.    As set forth above, the Defendants each owned, operated, maintained, managed and/or controlled the roadway, and/or the barrier located on the roadway, where Plaintiff was lawfully and safely operating his bicycle on October 5, 2022.

40.    The Defendants, through the negligent acts, omissions and failures outlined above, caused and/or permitted a dangerous condition to exist on the roadway where Plaintiff was lawfully and safely operating his bicycle on October 5, 2022.

41.    The Defendants were negligent and failed in their ownership, operation, maintenance, management and/or control of the roadway, and/or the barrier located on the roadway, and failed to warn the public, and failed to remedy and remove the hazardous condition, which they knew or should have known existed on the roadway and which caused Plaintiff's injuries.

42.    As a direct and proximate result of the Defendants' negligence, the Plaintiff sustained the following injuries, among others, which are believed to be of a protracted, continuing and permanent nature:

- **Severe closed traumatic brain injury;**
- **Increased intracranial pressure;**
- **Traumatic subarachnoid hemorrhage with loss of consciousness of unspecified duration;**
- **Acute respiratory failure with hypercapnia;**
- **Acute respiratory failure with hypoxia;**

- **Subluxation of C1/c2 cervical vertebrae;**
- **Acute posthemorrhagic anemia;**
- **Alkalosis;**
- **Contusion of lung;**
- **Fracture of vault of skull;**
- **Zygomatic fracture, right side;**
- **Maxillary fracture, right side;**
- **Frontal bone fracture;**
- **Bilateral orbital wall fracture;**
- **Bilateral frontal sinus fracture;**
- **Abrasion of left hand;**
- **Abrasion of right hand;**
- **Abrasion of right elbow;**
- **Unspecified exophthalmos;**
- **Conjunctival edema;**
- **Anisocoria;**
- **Gastritis;**
- **Intracranial bleeding;**
- **Bilateral ecchymosis;**
- **Emergency craniotomy;**
- **Tracheostomy and removal;**
- **Insertion and removal of peg feeding tube;**
- **Surgical insertion of cranial plate.**

43.    As a result of these injuries, Plaintiff claims the following damages from the Defendants:

    a.  Past, present, and future pain, suffering, embarrassment, inconvenience, anxiety, nervousness, and loss of enjoyment of life's pleasures as related to the injuries suffered as a result of the Defendant's negligence;

    b.  Past, present and future hospital, surgical, medical, rehabilitation and nursing expenses incurred on behalf of Plaintiff; and,

    c.  Other losses and damages permitted by law.

WHEREFORE, the Plaintiff Nicholas Sequino claims damages of the Defendants in a sum in excess of the jurisdictional limits of arbitration, together with interest, costs of suit, and any

other damages which this Honorable Court deems necessary to recover for which this suit is brought.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Respectfully submitted,

By: _/s/ Jason E. Luckasevic_
   JASON E. LUCKASEVIC, ESQUIRE

*Counsel for Plaintiff*

*and*

KASOWITZ BENSON TORRES LLP

By: Mitchell R. Schrage
  Joshua A. Siegel

1633 Broadway
New York, New York 10019
(212) 506-1700

*Counsel for Plaintiff*
*Pro Hac Vice (To Be Filed)*
